<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEITH FISHER, | : | Hon. Robert B. Kugler |
| Plaintiff, | : | Civil No. 06-2876 (RBK) |
| v. | : | |
| WACHOVIA BANK, | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES**:

> KEITH FISHER,#14501-050, <u>Pro Se</u>
> Federal Prison Camp
> P.O. Box 1000
> Duluth, MN  55814

<u>**KUGLER**</u>, District Judge

Plaintiff Keith Fisher, a federal prisoner, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $350.00 filing fee against Plaintiff; (4) directs the Bureau of Prisons to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the BOP to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $350.00 is paid in full.  <u>See</u> 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I.  BACKGROUND

Plaintiff seeks damages for the alleged violation of 18 U.S.C. § 986(a), his Fourth Amendment rights, and his rights arising under state law, against Wachovia Bank, formerly First Union Bank, and the bank's Palmyra branch manager.  Plaintiff asserts the following facts, which this Court is required regard as true for the purposes of this review.  In June 2001, at the direction of the bank manager, Wachovia Bank released information regarding Plaintiff's account #1010034719220 "to law enforcement officials for purposes of an ongoing criminal investigation without the consent of said plaintiff 'Fisher.'"  (Compl. at p. 2.)  Plaintiff contends that Wachovia Bank violated 18 U.S.C. § 986(a) by releasing Plaintiff's account information without notifying Plaintiff.  Plaintiff alleges that, despite numerous requests in criminal discovery and by letter, Wachovia has refused to either give him a copy of a subpoena or otherwise justify its release of the information to law enforcement authorities.  Plaintiff seeks entry of judgment for Plaintiff, damages, and legal fees.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

A.  Fourth Amendment Claim

Plaintiff asserts that Wachovia Bank and a bank manager violated his Fourth Amendment rights by releasing his bank records to law enforcement officials for the purpose of an ongoing criminal investigation, without notice to Plaintiff of his consent. In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court

"recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment.[1] See Bivens, 403 U.S. at 397. To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. See Malesko, 534 U.S. at 66.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Plaintiff's Fourth Amendment claim fails, however, because "a bank depositor has no legitimate expectation of privacy in financial information 'voluntarily conveyed to . . . banks and exposed to their employees in the ordinary course of business.'" Smith v. Maryland, 442 U.S. 735, 744 (1979) (quoting United States v. Miller, 425 U.S. 435, 442 (1976)). As the Supreme Court explained:

> Even if we direct our attention to the original checks and deposit slips, rather than to the microfilm copies actually viewed and obtained by means of the subpoena, we perceive no legitimate "expectation of privacy" in their contents. The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their

---

[1] The Supreme Court has also recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).

> employees in the ordinary course of business. The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they "have a high degree of usefulness in criminal tax, and regulatory investigations and proceedings." 12 U.S.C. s 1829b(a)(1) . . . . The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. United States v. White, 401 U.S. 745, 751-752, 91 S.Ct. 1122, 1125-1126, 28 L.Ed.2d 453, 458-459 (1971). This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed. Id., at 752, 91 S.Ct., at 1126, 28 L.Ed.2d, at 459; Hoffa v. United States, 385 U.S. at 302, 87 S.Ct., at 413, 17 L.Ed.2d, at 382; Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

United States v. Miller, 425 U.S. 435, 442-443 (1976) (footnotes omitted); see also SEC v. O'Brien, Inc., 467 U.S. 735, 743 (1984) ("[T]hese rulings disable respondents from arguing that notice of subpoenas issued to third parties is necessary to allow a target to prevent an unconstitutional search or seizure of his papers"); California Bankers Ass'n v. Shultz, 416 U.S. 21, 54 (1974) ("That the bank in making the records required by the Secretary acts under the compulsion of the regulation is clear, but it is equally clear that in doing so it neither searches nor seizes records in which the depositor has a Fourth Amendment right").  Because Plaintiff has no reasonable expectation of privacy in his bank account records, his Fourth Amendment Bivens claim fails and will be dismissed for failure to state a claim upon which relief may be granted.

B.  Statutory Violation

Plaintiff contends that Wachovia Bank violated 18 U.S.C. § 986(a) by turning his bank records over to law enforcement authorities without notifying him, obtaining his consent, or providing him a copy of a subpoena.  Section 986(a) provides:

> At any time after the commencement of any action for forfeiture in rem brought by the United States under section 1956, 1957, or 1960 of this title, section 5322 or 5324 of title 31, United States Code, or the Controlled Substances Act, any party may request the Clerk of the Court in the district in which the proceeding is pending to issue a subpoena duces tecum to any financial institution . . . to produce books, records, and any other documents at any place designated by the requesting party.  All parties to the proceeding shall be notified of the issuance of any such subpoena. The procedures and limitations set forth in section 985 of this title shall apply to subpoenas issued under this section.

18 U.S.C. § 986(a).

Although this section requires notice to the customer of the issuance of a subpoena for bank records, it does not apply in this case because nothing alleged in the Complaint indicates that the United States obtained the bank records pursuant to "the commencement of any action for forfeiture in rem."  See 18 U.S.C. § 986(a).  Rather, Plaintiff asserts that law enforcement officials obtained the bank records "for purposes of an ongoing criminal investigation."  (Compl. at p. 2.)

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422, governs disclosure of financial records by banks.  "Generally, the Act was intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time accommodating legitimate law enforcement activities."  Pittsburgh National Bank v. United States, 771 F.2d 73, 75 (3d Cir. 1985).  The Act provides that, with certain specified exceptions,

6

"no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution unless the financial records are reasonably described and - (1) such customer has authorized such disclosure . . .; (2) such financial records are disclosed in response to an administrative subpoena or summons . . .; (3) such financial records are disclosed in response to a search warrant . . . ; (4) such financial records are disclosed in response to a judicial subpoena . . . ; or (5) such financial records are disclosed in response to a formal written request which meets the requirements of section 3408 of this title."  12 U.S.C. § 3402.  However, the Act authorizes a court "to order a financial institution, on which a grand jury subpoena for customer records has been served, not to notify the customer of the existence of the subpoena or information that has been furnished to the grand jury."  12 U.S.C. § 3413(i).

To the extent that Plaintiff asserts a claim under the Right to Financial Privacy Act, this Court lacks subject matter jurisdiction over a claim.  Although the Act creates an exclusive remedy for damages against a bank, see 12 U.S.C. § 3417, the Act gives a district court subject matter jurisdiction over an action to enforce the Act only if the action is brought within three years of the date on which the violation occurs or the date of discovery of such violation, whichever is later.[2]

> "An action to enforce any provision of this chapter may be brought
> in any appropriate United States district court without regard to the
> amount in controversy within three years from the date on which
> the violation occurs or the date of discovery of such violation,
> whichever is later.

---

[2] The statute further provides that "[t]he remedies and sanctions described in this chapter shall be the only authorized judicial remedies and sanctions for violations of this chapter."  12 U.S.C. § 3417(d).

7

12 U.S.C. § 3416; see also Pittsburgh National Bank, 771 F.2d at 74 (subject matter jurisdiction over an action under the Right to Financial Privacy Act is based on 12 U.S.C. § 3416).

According to the facts set forth in the Complaint, the alleged disclosure occurred in June 2001. (Compl. at p. 2.) If the statute of limitations accrued at the time of the alleged disclosure, then it expired by July 2004, two years before Plaintiff executed his Complaint on June 20, 2006, and Plaintiff's claim is time barred. Even if the statute of limitations did not accrue until Plaintiff discovered the allegedly improper disclosures, sometime after June 2001, his claim is time barred. See 12 U.S.C. § 3416. Plaintiff asserts in the Complaint that, "[e]ven until this date Fisher has not seen any subpoena in his discovery for a pending appeal in a criminal matter." (Compl. at p. 3.) Given that Plaintiff entered guilty pleas for bank fraud in November of 2002, see United States v. Fisher, Crim. No. 02-0641-RBS-1 change of plea to guilty (E.D. Pa. Nov. 18, 2002); United States v. Fisher, Crim. No. 01-0203-RBS-1 change of plea to guilty (E.D. Pa. Nov. 27, 2002), it cannot be said that Plaintiff was unaware of the bank's disclosure to federal law enforcement officials prior to June 20, 2003. This Court therefore lacks jurisdiction over any claim arising under the Right to Financial Privacy Act. See Strother v. Harte, 171 F. Supp. 2d 203, 208-209 (S.D. N.Y. 2001); Raikos v. Bloomfield State Bank, 703 F. Supp. 1365, 1367-68 (S.D. Ind. 1989); see also Pittsburgh National Bank, 771 F.2d at 74 (subject matter jurisdiction over an action under the Right to Financial Privacy Act is based on 12 U.S.C. § 3416).

C.  Claims Arising Under State Law

Plaintiff expressly "invokes the pendent Jurisdiction of this Court to hear and decide claims arising under state law." (Compl. at p. 2.) See State v. McAllister, 184 N.J. 17 (2005).

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  Where the federal claims are dismissed at an early stage in the litigation, courts should generally decline to exercise supplemental jurisdiction over state claims.  See United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis, dismisses the federal claims and declines to exercise supplemental jurisdiction over state claims.


                        s/Robert B. Kugler
                        **ROBERT B. KUGLER, U.S.D.J.**

Dated:    January 4   , 2007